George Haines, Esq.
Nevada Bar No. 9411
FREEDOM LAW FIRM, LLC
8985 South Eastern Ave., Suite 350
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@freedomlawteam.com
Attorneys for Plaintiff

E-FILED: July 13, 2020

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARLANE GRACE HERMANN, | Civil Action No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| SELENE FINANCE, LP, | |
| Defendant. | |

Debtor and Adversary Plaintiff MARLANE GRACE HERMANN, through counsel, states as follows for her Adversary Complaint against Selene Finance, LP:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Marlane Grace Hermann ("Plaintiff" or "Hermann") is the owner of the real property and improvements located at and commonly known as 7937 Bridgefield Lane, Las Vegas, Nevada 89147 (the "Home") and has owned the Home at all times relevant to this complaint and since prior to the filing of her chapter 13 bankruptcy (the "Bankruptcy").

2. Plaintiff has resided in and maintained the Home as her primary, principal residence at all times relevant to this complaint.

3. Defendant Selene Finance, LP ("Defendant" or "Selene") is a foreign limited partnership organized under the laws of Delaware and is licensed to do business in Nevada.

4. Defendant is the current servicer of a note (the "Note") and of a mortgage on the Home that secures the Note (the "Mortgage") (collectively, the "Loan") and Defendant has serviced the Loan since obtaining servicing rights to the Loan effective January 7, 2019.

5. Defendant servicers the Loan on behalf of the current assignee and investor for the Loan, non-Party Wilmington Savings Fund Society, FSB, d.b.a. Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust ("Wilmington").

6. Non-Party Seterus, Inc. previously serviced the Loan at all times relevant to this Complaint prior to January 7, 2019.

7. Prior to the filing of the Bankruptcy, Defendant initiated foreclosure proceedings against Plaintiff, *inter alia*, seeking to foreclose on the Loan resulting in a foreclosure sale of the property being scheduled for February 26, 2020 (the "Sale").

8. The Home is an asset of Plaintiff's estate in the Bankruptcy and the Loan is a scheduled liability.

9. Wilmington asserted a claim against the Home and the bankruptcy estate based upon the Loan, filing its proof of claim in the Bankruptcy, Claim No. 12, on May 6, 2020, care of Defendant.

10. This action is a core proceeding pursuant to 28 U.S.C. § 157(b) as this is a matter that arises in and is related to the Bankruptcy. This adversary case involves, *inter alia*, "matters concerning the administration of the estate", the "allowance or disallowance of claims against the estate", and "other proceedings affecting the

liquidation of the assets of the estate". *See*, 28 U.S.C. § 157(b)(2)(A), 157(b)(2)(B), and 157(b)(2)(O), respectively.

11. This adversary case also involves claims that are otherwise related to a case under Title 11—the Bankruptcy—and this Court has jurisdiction of those claims pursuant to 28 U.S.C. § 157(c)(1).

12. Plaintiff consents to the entry of a final order in this proceeding by this Court.

13. This Court has federal subject jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334 as this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

14. This Court has supplemental jurisdiction to hear any state law statutory and common law claims that may arise pursuant to 28 U.S.C. § 1367.

15. Venue in this District is proper under 28 U.S.C. §§ 1391(b), 1408, and 1409. Plaintiff has resided in this District for over One Hundred Eighty (180) days preceding the commencement of this action, Plaintiff filed the Bankruptcy in this District, the Bankruptcy is pending in this District, Defendant conducts business within this District, Defendant filed a proof of claim in the Bankruptcy, and Defendant engaged in the conduct complained of occurred within this District.

## STATEMENT OF FACTS

16. Plaintiff fell behind on her obligations on the Loan and was declared in default as of the payment due March 1, 2018.

17. On or about November 17, 2018, Seterus referred the Loan to counsel for foreclosure.

18. Selene obtained servicing rights to the Loan effective January 7, 2019 when the Loan was in default.

19. Selene scheduled a foreclosure sale of the Home for February 26, 2020.

20. On or about February 3, 2020, Selene sent correspondence to Plaintiff stating, *inter alia*:

a. **"WE HAVE A MODIFICATION THAT CAN <u>LOWER</u> YOUR MONTHLY MORTGAGE PAYMENTS AT NO COST TO YOU"** (emphasis in original);

b. "We believe you may qualify for Selene's Modification Program which will make your mortgage payments more affordable and help you keep your home. If you qualify, and comply with all terms and conditions, *we will modify the terms of your mortgage* [emphasis added] with payments you can afford";

c. "**Please call us by 02/17/2020 to take advantage of this opportunity**" (emphasis in original); and,

d. "**We encourage you to act today…complete the attached Uniform Borrower Assistance Form and fax it to 866-926-5498. Don't delay – call us today!**" (emphasis in original).

*See*, a copy of the Loss Mitigation Solicitation, attached as <u>Exhibit 1</u>.

21. Plaintiff, eager to save her Home by obtaining a modification for which she believed she would be qualified per the Loss Mitigation Solicitation, immediately worked to complete the Uniform Borrower Assistance Form (the "UBAF").

22. Plaintiff submitted the completed UBAF, as instructed, via facsimile transmission and Selene received the same on or before February 11, 2020, well prior to the February 17, 2020 deadline in the Loss Mitigation Solicitation. *See*, <u>Exhibit 1</u>.

23. Plaintiff reasonably believed that upon submitting the UBAF to Selene, that Selene would review her eligibility for the "Modification Program" mentioned in the Loss Mitigation Solicitation.

24. The Loss Mitigation Solicitation did not indicate that Selene may refuse to review Plaintiff's UBAF due to the imminent foreclosure sale or otherwise.

25. Having not heard anything from Selene regarding the UBAF and with the foreclosure sale imminent, Plaintiff called Selene on February 19, 2020 to check in on the status of the review she reasonably expected pursuant to the Loss Mitigation Solicitation.

26. Plaintiff spoke with Nicole Sapp, a Selene representative, on February 19, 2020 regarding Plaintiff's submission of the UBAF and was advised that there was not enough time to review the UBAF and the only option to save her Home was to reinstate the Loan. *See*, a copy of the communication notes and comments from Selene's "Loan Resolution" representatives (the "Notes"), attached as <u>Exhibit 2</u>.

27. As Defendant refused to consider Plaintiff for any loss mitigation options, the only reasonable manner through which Plaintiff could stop the foreclosure of the sale of her Home was to file the Bankruptcy on February 26, 2020.

**COUNT ONE**
**VIOLATIONS OF THE FDCPA 15 U.S.C §§ 1692,** *et seq.*

28. Plaintiff repeats and realleges paragraphs 1 through 27 with the same force and effect as though fully set forth herein.

29. Plaintiff is a "consumer" as he is a natural person obligated to pay the Loan which Selene seeks to collect. *See* 15 U.S.C. § 1692a(3).

30. The Loan is a "debt" as the Loan, which Defendant seeks to collect, is a residential mortgage, the primary purpose of which was for personal, family, or household use. 15 U.S.C. § 1692a(5).

31. Defendant is a "debt collector" because it regularly collects or attempts to collect on the Loan and other mortgage loans owed to creditors and the Loan was in default at the time Defendant began to collect the debt. 15 U.S.C. § 1692a(6).

32. Defendant's attempts to collect on the Loan debt are in violation of 15 U.S.C. §§ 1692e and 1692e(10).

33. Defendant violated 15 U.S.C. § 1692e by using false or misleading representations to attempt to collect a debt by sending the Loss Mitigation Solicitation that gave a false impression to Plaintiff that Defendant would review Plaintiff's completed UBAF and, in turn, her eligibility for a modification of the Loan, so long as Plaintiff submitted the UBAF by February 17, 2020. *See*, Exhibit 1.

34. Plaintiff submitted the completed UBAF to Defendant prior on or before February 11, 2020, but Defendant subsequently refused to review the UBAF for Plaintiff's eligibility for a modification of the Loan.

35. Due to Defendant's misrepresentations within and through the Loss Mitigation Solicitation, Plaintiff was induced to spend time and resources to complete the UBAF despite it being wholly futile and despite Defendant knowing the same at the time they sent the Loss Mitigation Solicitation.

36. Moreover, Plaintiff spent vital time on a fruitless effort to save her Home through the completion and submission of the UBAF which could have been spent on a viable course of action.

37. Defendant's actions directly and proximately caused Plaintiff to suffer from severe emotional distress driven by Defendant's actions and by Plaintiff's reasonable fear that Defendant's conduct would result in the sale of and imminent loss of the Home, which resulted in frustration, loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress.

38. As Defendant refused to consider Plaintiff for any loss mitigation options, the only reasonable manner through which Plaintiff could stop the foreclosure of the sale of her Home was to file the Bankruptcy on February 26, 2020.

39. As a result of Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees. 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff MARLANE GRACE HERMANN prays that this Court enter its order granting judgment in their favor and against Defendant Selene Finance LP as follows:

A. An award of actual damages as to Count One;

B. An award statutory damages in the amount of One Thousand Dollars ($1,000.00) for the violations of the FDCPA contained in Count One;

C. For attorney's fees and costs as to Count One;

D. For such other relief which this Court may deem appropriate.

Respectfully submitted,

George Haines, Esq.
Nevada Bar No. 9411
FREEDOM LAW FIRM, LLC
8985 S. Eastern Avenue, #350
Beltway Corporate Center
Las Vegas, NV 89123
Telephone: (708)880-5554
ghaines@freedomlegalteam.com
*Counsel for Plaintiff Marlane G. Hermann*

**JURY DEMAND**

Plaintiff Marlane G. Hermann hereby requests a trial by jury on all issues so triable.

George Haines, Esq.
Nevada Bar No. 9411
FREEDOM LAW FIRM, LLC
*Counsel for Plaintiff* Marlane G. Hermann