UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLANE GRACE HERMANN,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SELENE FINANCE, LP,<br><br>　　　　　　　　　Defendant. | Case No. 2:20-cv-01293-KJD-EJY<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss (ECF #6). Plaintiff did not respond.

I.　　Factual and Procedural Background

Plaintiff Marlane Grace Hermann ("Hermann") brings this action against Defendant Selene Finance, LP ("Selene") for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"). (ECF #1, at 3). Hermann fell behind on her mortgage payments and was declared in default in March 2018. Id. The loan was referred to counsel for foreclosure in November 2018 and Selene obtained the servicing rights to the loan on January 7, 2019. Id. Selene scheduled a foreclosure sale of the home for February 26, 2020. Id. On or around February 3, 2020, Selene sent Hermann correspondence that advertised a loan modification that could potentially lower her monthly mortgage payments and help her keep her home. Id. at 4. The correspondence gave a deadline of February 17, 2020 to submit the requested information. Id. Hermann filled out the information and faxed it to the number provided on or around February 11, 2020. Id. Hermann did not hear back from Selene and called on February 19, 2020 to learn the status of her loan modification. Id. at 5. A Selene employee told Hermann that there was not enough time to review her documents and that the only way to save her home was to reinstate her loan. Id. Hermann then filed for bankruptcy on February 26, 2020. Id.

Selene makes two arguments why Hermann's complaint should be dismissed. First,

Selene argues that Hermann lacks standing to bring this action because the claim belongs to the bankruptcy estate, not to Hermann. (ECF #6, at 7). Second, Selene argues that even if Hermann has standing her FDCPA claim fails as a matter of law because statements regarding loss mitigation applications do not relate to the collection of a debt, as the statute requires. Id. at 9.

## II.   Legal Standard

Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint does not require "detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). All "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While the court "must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed." Hendon v. Geico Ins. Agency, 377 F.Supp.3d 1194, 1196 (D. Nev. 2019).

## III.   Analysis

The Court finds that Hermann does not have standing to bring this action and that the loss mitigation application does not relate to a collection of debt as the FDCPA requires. That, combined with the local rule stating that a party's failure to respond to a motion to dismiss constitutes a consent to the granting of the motion, makes dismissal appropriate. See LR 7-2(d).

When Hermann filed for bankruptcy "all the 'legal or equitable interests' [s]he had in [her] property became the property of the bankruptcy estate and are represented by the bankruptcy trustee." Turner v. Cook, 362 F.3d 1219, 1225–26 (9th Cir. 2004) (quoting 11 U.S.C. § 541(a)(1)). "The scope of this paragraph [§ 541(a)(1)] is broad. It includes all kinds of property, including tangible or intangible property, causes of action (see Bankruptcy Act

1  § 70a(6)), and all other forms of property currently specified in section 70a of the Bankruptcy
2  Act." United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n.9 (1983) (quoting H.R.Rep. No.
3  95-595, p. 367 (1977)). Hermann was aware of this claim when she filed for bankruptcy because
4  she scheduled the potential FDCPA claim as an asset of the bankruptcy estate when her Chapter
5  13 proceeding commenced. The "conditional, future, speculative, or equitable nature of an
6  interest does not prevent it from becoming property of the bankruptcy estate." In re Anders, 151
7  B.R. 543, 545 (Bankr. D. Nev. 1993). Even though it was a potential, speculative claim, it is now
8  property of the bankruptcy estate. As a property interest of the estate, the bankruptcy trustee is
9  the person authorized to bring the claim. Because Hermann does not have standing to bring this
10 claim, it must be dismissed.

11         Selene's second argument is that, even if Hermann had standing to bring the claim, it
12 would fail as a matter of law because the correspondence Hermann refers to in her complaint
13 does not relate to the collection of debt. The purpose of the FDCPA is to "eliminate abusive debt
14 collection practices by debt collectors." 15 U.S.C. § 1693(e). In this instance, Selene was not
15 collecting a debt. Hermann received a loan modification letter and "[t]he FDCPA does not apply
16 to . . . loan modifications, as such activity is 'more debt servicing than debt collection.'" Reyes-
17 Aguilar v. Bank of America, N.A., No. 13-cv-05764-JCS, 2014 WL 2917049, at *8 (N.D. Cal.
18 June 24, 2014) (quoting Arostegui v. Bank of America, No. C 13-6009 PJH, 2014 WL 1230762,
19 at *6 (N.D. Cal. March 21, 2014)). The FDCPA aims to regulate debt collection, not debt
20 servicing. Because Selene was not attempting to collect a debt, there can be no FDCPA claim,
21 and dismissal is appropriate.

22         Because Hermann lacks standing to bring this suit, Selene was not attempting to collect a
23 debt when it sent Hermann loan modification documents, and Hermann consents to granting this
24 motion, the Court dismisses Hermann's complaint.
25 //
26 //
27 //
28 //

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF #6) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant and against Plaintiff.

Dated this 5th day of March, 2021.

                                              Kent J. Dawson
                                              United States District Judge